# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MILDRED REYES,** <br><br> **Plaintiff,** <br><br> v. <br><br> **THE UNITED STATES POSTAL SERVICE,** *et al.*, <br><br> **Defendants.** | Docket No.: 2:17-CV-13267-WJM-MF <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on the expiration of two notices of calls for dismissal pursuant to Federal Rule of Civil Procedure 4(m). ECF Nos. 20-21. For the reasons set forth below, the matter is **DISMISSED WITHOUT PREJUDICE**.

## I.    FACTS AND PROCEDURAL HISTORY

On December 19, 2017, Plaintiff filed suit against Maria Hope ("Hope"), the United States Postal Service ("USPS," and together with Hope, "Defendants"), and various fictitious individuals and entities ("Fictitious Defendants"). Plaintiff alleges that Hope videotaped her changing in the locker room of a USPS facility on August 19, 2016, and showed the recording to other employees of USPS. Compl. ¶ 9, ECF No. 1.

Plaintiff filed four affidavits of service. ECF Nos. 6-7, 9-10 (evidencing service left with Hope's daughter at their New Jersey home; attempted service on USPS at a Hoboken post office; service on the U.S. Attorney General; and attempted service on the New Jersey Attorney General). Next, Plaintiff requested defaults against USPS and Hope. ECF Nos. 13-14. The Clerk entered default against Hope, but refused to do so against USPS due to Plaintiff's incomplete service of process. *See* Clerk's Vacated Entry of Default and Quality Control Message (Aug. 23, 2018). Next, USPS's counsel filed a letter ("AUSA Letter") explaining that Plaintiff failed to properly serve USPS under Federal Rule of Civil Procedure ("FRCP") 4(i) because Plaintiff did not serve the U.S. Attorney for the District of New Jersey. AUSA Letter, ECF No. 16. The letter also noted that FRCP 4(i) required Plaintiff to serve the United States to effectuate service on Hope, and therefore neither defendant had been properly served. *Id.* Plaintiff's counsel then filed an affidavit acknowledging the mistake and promising to serve the United States Attorney. Goldfield Aff. ¶ 5, 8-9, ECF No. 19.

On September 19, 2018, the Clerk docketed a Notice of Call for Dismissal (the "Notice") as to USPS. ECF No. 20. The Notice required Plaintiff to evidence completed

service or otherwise demonstrate why USPS should not be dismissed by September 27, 2018. *Id.* On September 24, the Court docketed an order (the "Order") vacating the default against Hope. ECF No. 21. The Order required Plaintiff to effectuate service on Hope by serving the United States and cautioned that "[u]nless service of process is effectuated . . . by October 1, 2018, this action [would] be dismissed as to . . . Hope." *Id.* Plaintiff then refiled the previously submitted affidavit of service evidencing service on Hope's daughter. *Compare* ECF No. 6, *with* ECF No. 22. Plaintiff has not filed any additional evidence of service on the United States, has not attempted to show good cause for the failure to effectuate service, and has not requested an extension.

## II. DISCUSSION

### A. Plaintiff Has Not Effectuated Service on USPS or Hope

Almost ten months has passed since Plaintiff filed her complaint and she has yet to effectuate service on either Defendant. Plaintiff failed to effectuate service on USPS because Plaintiff never served the U.S. Attorney for the District of New Jersey. *See* FRCP 4(i)(1)-(2); Notice, ECF No. 20; AUSA Letter, ECF No. 16. And Plaintiff failed to effectuate service on Hope because Plaintiff did not complete service on the United States, which in turn requires service on the U.S. Attorney. *See* FRCP 4(i); Order, ECF No. 21; AUSA Letter, ECF No. 16.

### B. The Court Provided Notice Under FRCP 4

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FRCP 4(m). "The court must allow a party a reasonable time to cure its failure" to serve a federal agency, a federal employee sued in her official capacity, or a federal employee sued "in connection with duties performed on the United States' behalf." FRCP 4(i)(4).

Here, Plaintiff failed to effectuate service against USPS, a federal agency, and Hope, a federal employee sued for conduct occurring "while within the course and scope of her employment with [USPS]." *See* Compl. ¶ 9. As such, the Court provided notice to Plaintiff that service was incomplete and gave Plaintiff reasonable time to cure its defects. *See* Notice, ECF No. 20; Order, ECF No. 21. As the Court's deadlines have come and gone, it now considers whether to dismiss the action under FRCP 4(m).

### C. No Good Cause Exists to Extend the Time to Serve Defendants

"[I]f the plaintiff shows good cause for the failure [to serve process], the court must extend the time for service for an appropriate period." FRCP 4(m). Courts consider three factors in their good cause analysis: (1) the reasonableness of a party's efforts to serve; (2) prejudice by lack of timely service; and (3) whether the plaintiff moved for an extension. *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citation omitted). "Absence of prejudice alone can never constitute good cause to excuse late service." *Id.* "[T]he primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* The Third Circuit equates "good

cause" with "excusable neglect." *Id.* Excusable neglect requires "a demonstration of good faith" and "some reasonable basis for noncompliance." *Id.* (citation omitted)

Plaintiff has not demonstrated good cause. While Defendants may not be prejudiced, that does not equate to good cause. *See id.* Further, Plaintiff never moved for an extension. *See id.* Most importantly, Plaintiff did not make reasonable efforts to serve Defendants. *See id.* While the rules to serve government defendants are obtuse, failure to comprehend the FRCPs is not "excusable neglect." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Even if it was, the excuse's veracity dissipates when viewed in context. The Court and USPS put Plaintiff on notice of its failure on four occasions. *See* Clerk's Quality Control Message (Aug. 23, 2018); AUSA Letter, ECF No. 16; Notice, ECF No. 20; Order, ECF No. 21. Plaintiff's counsel even acknowledged that "Plaintiff inadvertently attempted service on the State Attorney's office and not the [U.S.] Attorney." Goldfield Aff. ¶ 8, ECF No. 19. But Plaintiff still failed to serve the U.S. Attorney. Therefore, Plaintiff has no reasonable basis for non-compliance, and no good cause exists.

### D. The Court Will Not Grant a Discretionary Extension of Time

Absent good cause, courts consider whether to grant discretionary extensions. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). Courts consider the following factors (the "*Chiang* factors"): (1) notice of the legal action; (2) prejudice to defendants; (3) the statute of limitations; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other factor that may be relevant. *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (citing FRCP 4(m), Notes of Advisory Committee on 1993 amendments; *Boley*, 123 F.3d at 759).

Cutting toward an extension are *Chiang* factors one through three: Defendants have actual knowledge of the lawsuit, have not been severely prejudiced by Plaintiff's failures, and Plaintiff's claims may be barred by the statute of limitations if dismissed. *See* N.J. Stat. Ann. § 2A:14-2. The remaining *Chiang* factors strongly cut against an extension. Neither Defendant attempted to evade service. USPS's counsel even informed Plaintiff—who is represented—exactly what she needed to do to effectuate service against both Defendants, provided citations to the relevant rules, and waived one of the service requirements. AUSA Letter, ECF No. 16. As to *Chiang*'s catchall provision, the Court finds the following factors relevant: (a) the clarity of the notices Plaintiff received of her failure to effectuate service; (b) Plaintiff's counsel's admission to mistaken service, promise to effectuate service, and subsequent failure to do so within the prescribed time; and (c) the previous extensions provided by the Court.

On balance, the *Chiang* factors and other relevant considerations counsel against granting a discretionary extension. *See Chiang*, 331 F. App'x at 116 ("Although the expiration of the statute of limitations and the lack of prejudice cut in favor of extending the time for service, when balanced against the other factors in this case, it cannot be said that the District Court abused its discretion."). As such, the Court declines to do so.

### E. The Court Lacks Subject Matter Jurisdiction for the Claims Against Fictitious Defendants

Because the claims against Hope and USPS are dismissed, *see supra* Part III.A-D, only claims against Fictitious Defendants remain. *See supra* Part III.A-D; Compl. ¶¶ 5-8. However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff invoked jurisdiction pursuant to 39 U.S.C. § 409(a); 28 U.S.C. § 1339; 28 U.S.C. § 1346(b); 28 U.S.C. § 2401(b); 28 U.S.C. § 2675; and 28 U.S.C. § 1367. Compl. ¶ 1. As the claims against USPS are dismissed, the Court no longer has jurisdiction pursuant to 39 U.S.C. § 409(a) or 28 U.S.C. § 1346(b). The Complaint is completely devoid of claims based on federal law, therefore the Court does not have jurisdiction pursuant to 28 U.S.C. § 1339. 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675 do not provide the Court with jurisdiction under any circumstances. Finally, the Court declines to exercise supplemental jurisdiction without any federal connection to the case. *See* 28 U.S.C.§ 1367(c)(3). As such, the claims against the Fictitious Defendants are dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### III. CONCLUSION

For the reasons set forth above, the above-captioned matter is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

*/S/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated: November 6, 2018**