# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MILDRED REYES,** <br><br> Plaintiff, <br><br> v. <br><br> **THE UNITED STATES POSTAL SERVICE,** *et al.*, <br><br> Defendants. | Docket No.: 2:17-cv-13267 <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiff Mildred Reyes's motion to reopen the case. ECF No. 26. For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND

The underlying facts and procedural history of this matter were laid out in the Court's November 6, 2018 Opinion ("November Opinion"), familiarity with which is assumed. ECF No. 23.

In the November Opinion, the Court dismissed Plaintiff's complaint without prejudice after Plaintiff failed to effectuate service on Defendants Maria Hope and the United States Postal Service ("USPS") by court-imposed deadlines. In dismissing the case, the Court found that *(1)* Plaintiff received prior notice that it had failed to effectuate service; *(2)* despite receiving an extended deadline, Plaintiff failed to effectuate service; and *(3)* Plaintiff did not demonstrate good cause to further extend the deadline. *Id.* at 2-3. The Court also declined to grant a discretionary extension of time. *Id.* at 3.

Thus, on November 6, 2018, the Court dismissed Plaintiff's complaint without prejudice. *Id.* At that point, ten months had passed since Plaintiff filed her complaint, *see* ECF No. 1, more than two months had passed since USPS informed Plaintiff of her failure to properly serve either Defendant, *see* AUSA Letter (Aug. 23, 2018), ECF No. 16, more than a month and a half had passed since the Court specifically ordered Plaintiff to serve the U.S. Attorney, *see* Order (Sept. 21, 2018), ECF No. 21, and more than a month had passed since the Court's explicit deadline of October 1, 2018. *Id.*

On December 6, 2018—one month after the matter was dismissed—Plaintiff filed proof of service on the U.S. Attorney. *See* ECF No. 25. Two months later, Plaintiff filed the present motion to reopen the case, ECF No. 26, attaching an affidavit from Plaintiff's counsel ("Goldfield Affidavit"), ECF No. 26-1.

## II. DISCUSSION

While Plaintiff's motion does not cite any particular rule, the Court construes it as a motion for relief pursuant to FRCP 60. *See Eun Hee Choi v. Kim*, 258 F. App'x 413, 414 (3d Cir. 2007) (analyzing motion to reopen case under FRCP 60(b)). Under Rule 60, "the court may relieve a party . . . from a final judgment, order, or proceeding for [one of several enumerated] reasons," including: "mistake, inadvertence, surprise, or excusable neglect" or the catchall "any other reason that justifies relief." FRCP 60(b). The decision is within the district court's discretion, but relief under the catchall provision is only warranted in "extraordinary circumstances" not present here. *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014)

In seeking relief, Plaintiff makes the following representations:

- "[P]laintiff forwarded service documents to the Essex County Sheriffs office on September 20, 2018 to be served upon United States Attorney."

- "Not having received proof of service from the Sheriffs office, even after telephoning their office on multiple occasions, on November 28, 2018, plaintiffs counsel forwarded correspondence by first class mail as well as by facsimile to the Sheriff requesting the status of the service upon the United States Attorney."

- "Thereafter, on December 11, 2018, plaintiffs counsel received proof of service from the sheriffs office indicating service was effectuated to the United States Attorney on November 16, 2018."

- "Contrary to the Court's opinion, ECF No. 23, plaintiff has effectuated service on USPS and Hope by serving the United States Attorney for the district where the action was brought."[1]

- "Plaintiffs counsel exercised all reasonable efforts and could do no more than what was already done to effectuate service per the Court's Order. Any delays were caused by the Sheriffs office, not by plaintiffs counsel."

Goldfield Aff., ECF No. 26-1. Plaintiff's counsel concludes that "Plaintiff feels she has shown *good cause* for the failure to service process [sic] and the reasonableness of the plaintiff's efforts to serve defendants." Goldfield Aff. ¶ 9 (emphasis added).

The Third Circuit equates "good cause" with "excusable neglect"—one of the enumerated reasons for relief under FRCP 60. *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Therefore, if Plaintiff can demonstrate good cause, she may be entitled to relief. *See id.*; FRCP 60(b)(2). Courts

---

[1] To evidence service "contrary to the Court's opinion" (published November *6*, 2018), Plaintiff cites an affidavit evidencing service on November *16*, 2018, and docketed on *December 6*. *See* Mot., Ex. D., ECF No. 26-7.

2

consider three factors in their good cause analysis: (1) the reasonableness of a party's efforts to serve; (2) prejudice by lack of timely service; and (3) whether the plaintiff moved for an extension. *Id.* "[T]he primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

The court finds all three factors weigh against a finding of good cause. Plaintiff blames the sheriff's office for her failure to effectuate service. Goldfield Aff. ¶ 9. However, other than a general claim of "telephoning their office" sometime before November 28, 2018, Plaintiff made no effort to ensure service was effectuated before the Court-imposed deadline. *See id.* ¶ 6. In fact, there is no evidence Plaintiff's counsel even informed the sheriff's office of a deadline. And despite Plaintiff's counsel's contention that he could "do no more," he *(1)* never moved for an extension, *see MCI Telecommunications Corp.*, 71 at 1097, *(2)* failed to make reasonable attempts to ensure the sheriff's office completed service *before* the deadline, and *(3)* failed to secure readily-available, alternative means of service, *see* FRCP 4(c)(2) (allowing service by "[a]ny person who is at least 18 years old and not a party"). Even the ECF Notice Plaintiff cites to evidence completed service states "**WARNING: CASE CLOSED on 11/06/2018**." Goldfield Aff. ¶ 8, Ex. D (emphasis in original). Despite receiving that notice, Plaintiff did nothing for two more months. Meanwhile, Hope—an indigent *pro se* defendant—languishes with this case in limbo. *See* Hope Letter (Feb 27, 2019), ECF No. 31.

Therefore, Plaintiff failed to demonstrate "good cause" or "excusable neglect" for her failure to serve either Defendant within the prescribed time. Accordingly, the case will remain dismissed.

### III. CONCLUSION

For the reasons set forth above, Plaintiff Mildred Reyes's motion to reopen the case, ECF No. 26, is **DENIED**. An appropriate order follows.

|  |  |
|---|---|
| **Dated: April 16, 2019** | */S/ William J. Martini*<br>**WILLIAM J. MARTINI, U.S.D.J.** |